IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DOMINGO RAMOS,

      Plaintiff,

vs.                                                                     No. CIV 11-1123 JB/RHS

STATE OF NEW MEXICO,
LEMUEL MARTINEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 22, 2011 (Doc. 1)("Complaint"). Plaintiff John Domingo Ramos is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will dismiss Ramos' Complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Ramos' pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson,

973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, after Ramos's arrest in 2009, a number of delays occurred in his criminal prosecution and that he has not yet gone to trial.  See Complaint at 2.  He asserts that this conduct violates his speedy trial rights.  See Complaint at 2.  Ramos also alleges that the arresting officers did not advise him of his Miranda rights.[1]  See Complaint at 3.  For relief, the Complaint asks that the charges against Ramos be dismissed.  See Complaint at 5.

The relief that Ramos seeks is not available in this civil rights action.  "[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005)(citations omitted).

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  Petitioner's complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

Nelson v. Campbell, 541 U.S. 637, 643 (2004)(citing 42 U.S.C. § 1983; Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  See Palma-Salazar v. Davis, No. 11-1070, 2012 WL 1511775, at *2 (10th Cir. May 1, 2012)("[A] prisoner who challenges the fact or duration of his confinement . . . must do

---

[1]See Miranda v. Arizona, 384 U.S. 436, 478-79 (1966)(holding that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized," and stating that "[p]rocedural safeguards must be employed to protect the privilege and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored," law enforcement officers must warn the individual that he has the right to remain silent, that he has the right to the presence of an attorney, and that, if he cannot afford an attorney, one will be appointed for him).

so through an application for habeas corpus")(citing McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).  If a claim is not cognizable under 42 U.S.C. § 1983 it "should be dismissed."  Edwards v. Balisok, 520 U.S. 641, 649 (1997).  Accord Smith v. WNMCF, NO. 11-0934, 2012 WL 1190261, at *4 (D.N.M. Mar. 31, 2012)(Browning, J.).  Under the rules governing civil rights actions and habeas corpus proceedings, the Court will dismiss Ramos' civil rights Complaint without prejudice to his rights to seek relief under the habeas corpus statutes.

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 22, 2011 (Doc. 1), is dismissed without prejudice to Plaintiff John Domingo Ramos' rights under the habeas corpus statutes.  Additionally, all pending motions are denied as moot, and final judgment will be entered.

                                                                                    _____
                                                                       UNITED STATES DISTRICT JUDGE

*Parties*:

John Domingo Ramos
Los Lunas, New Mexico

       *Plaintiff pro se*